The Honorable Joe Hudson State Representative P.O. Box 470 Mountain Home, AR 72653
Dear Representative Hudson:
This is in response to your request for an opinion on an issue concerning the continued payment of a salary increase. You have set forth the issue as follows:
 The City of Bull Shoals passed an Ordinance increasing the salary of the Mayor on February 27, 1997. Subsequently, on March 24, 1997, a referendum petition was filed. Thereafter the City Council rescinded the Ordinance. The effective date of the rescission was August 12, 1997.
 The Mayor was paid the increased salary up until the Ordinance was rescinded. Was it legal to continue to pay the increased salary after the referendum was filed?
It is my opinion that payment of the increased salary was in all likelihood unlawful assuming that the referendum petition was, in fact, valid and that the measure setting the salary was not an emergency measure.[1]
As a general matter, a referendum petition holds in abeyance a local ordinance, if the ordinance is not an emergency measure.[2] This is in accordance with Amendment 7 to the Arkansas Constitution, which provides that "[a]ny measure referred to the people by referendum petition shall remain in abeyance until such vote is taken." Ark. Const. amend. 7, "State Wide Petitions" (under "Referendum"). See also A.C.A. § 14-55-302
(1987) (providing that "[a]ny ordinance enacted by the governing body of any city or town in the state may be referred to a vote of the electors of the city or town for approval or rejection in the manner and procedure prescribed in Arkansas Constitution, Amendment 7. . . .")
As you can see from enclosed Opinion 97-109, I concluded that a local measure fixing the mayor's salary is likely referable as a general matter. Accordingly, if the measure increasing the salary in this instance was in fact the subject of a valid referendum petition (see generally Op. 97-109 regarding validity of petitions), then it is my opinion that the effectiveness of the measure was suspended by the filing of the petition.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] A question concerning the validity of referendum petitions in this regard was submitted to this office and an opinion was issued in response thereto on June 18, 1997. See Op. Att'y Gen. 97-109. I have enclosed a copy of that opinion for your convenience.
[2] A referendum petition will not hold in abeyance an emergency measure. Such measures become law upon adoption, and if then rejected by the electors are thereby repealed. Ark. Const. amend. 7 (see "State Wide Petitions," paragraph entitled "Emergency"). The measure setting the salary of the Mayor of Bull Shoals in this instance was, according to the documents submitted in connection with Opinion 97-109, Resolution No. 97-R1 of the City of Bull Shoals. According to my information, this was not an emergency measure.